IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARKEITH D. TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-266-D |
| | ) | |
| OCR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 5] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Purcell recommends the denial of Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] for failure to comply with a prior order to cure a deficiency, and dismissal of the action without prejudice to refiling unless Plaintiff pays the full filing fee.

Plaintiff, who appears *pro se*, has failed to file a timely objection or to request additional time to object.[1] Judge Purcell expressly advised Plaintiff of a deadline for filing objections and the consequences of a failure to object. The Court therefore finds Plaintiff has waived further review. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Thus, this

---

[1] On the same day that the Report and Recommendation was issued, Plaintiff filed a second Application to Proceed in District Court Without Prepaying Fees and Costs [Doc. No. 6]. However, the Application does not cure the deficiency identified by Judge Purcell. *See* Order to Cure Deficiency [Doc. No. 4].

action is subject to dismissal for failure to pay the filing fee or to file a sufficient application to proceed without prepayment of fees under 28 U.S.C. § 1915.

Further, upon examination of the Complaint, the Court finds that Plaintiff's pleading is insufficient to satisfy federal pleading requirements.[2] Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). To be sufficient, the statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Complaint in this case fails to satisfy these requirements. Plaintiff states no basis for an exercise of federal subject matter jurisdiction, and none is apparent from the factual allegations of the Complaint. Plaintiff does not clearly identify who the intended defendants are, or what they are alleged to have done. From a liberal construction of Plaintiff's allegations, it appears that Plaintiff believes he suffered discrimination or other wrongful conduct in connection with an application for admission to, or federal financial assistance with, a college education. He primarily complains that the Office for Civil Rights ("OCR") of the United States Department of Education mishandled a discrimination

---

[2] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500 506 (2006).

complaint. However, the Court cannot ascertain what federal right was allegedly violated or what claim against OCR would survive the federal government's sovereign immunity from suit.[3]

For these reasons, that Court finds that the Complaint should be dismissed without prejudice to a future filing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 5] is ADOPTED and the Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE to refiling. A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 21st day of May, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] In the civil cover sheet for his Complaint, Plaintiff cites the Every Student Succeeds Act (ESSA), which further amended the Secondary Education Act of 1965, 20 U.S.C. § 6301 *et seq.*, and a provision of the Oklahoma Constitution, Okla. Const. art. 2, § 36A, a copy of which is attached to the Complaint [Doc. No. 1-1]. The connection of these laws to the allegations of the Complaint is unclear.